**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

JOHNATHAN D. KING, *et al.*,    )
                                   )
              *Plaintiffs*,    )
                                   )
         v.                  )    Case No. 12-175 C
                                   )    Judge N. Firestone
UNITED STATES OF AMERICA,    )
                                   )    COLLECTIVE ACTION
             *Defendant*.    )

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

## I.    INTRODUCTION

Defendant's motion to transfer attempts to use a narrow Supreme Court holding involving the unsettled question of sovereign immunity under the Fair Credit Reporting Act to overturn more than 40 years of settled law regarding the proper forum for bringing FLSA actions against the federal government.  The appropriate forum for such cases, when they involve claims exceeding $10,000, has always been the Court of Federal Claims, and its predecessor, the Court of Claims.  *United States v. Bormes* did nothing to disturb this long-settled jurisdictional landscape.

Moreover, by asserting that this case can be transferred to the U.S. District Court for the District of New Mexico, Defendant conveniently ignores two key facts.  First, it ignores the fact that, unless and until circuit precedents establishing the Tucker Act as the jurisdiction-conferring statute for FLSA suits against the federal government are overturned, the District of New Mexico would only have jurisdiction over Plaintiffs' claims if they each waive their right to recover any damages in excess of $10,000.  It also sidesteps the fact that 28 U.S.C. § 1402(a)(1) would prevent any plaintiff who is not a resident of New Mexico from pursuing his or her FLSA claims

in that forum, thus requiring those residing in other districts to bring separate actions and blunting the efficiency of the collective action tool.

Transfer under 28 U.S.C. § 1631 is only appropriate where three conditions are met: 1) there is a want of jurisdiction in the court where the action was originally filed; 2) that action could have been brought in another forum; and 3) the transfer is in the interest of justice. Here, where the Court of Federal Claims has exclusive jurisdiction over FLSA claims against the federal government seeking more than $10,000, and given that this is the only court where the plaintiffs can obtain the full monetary recovery to which they are entitled, not one of the three requirements is met. There is no want of jurisdiction, there is no other forum where the action could have been brought without a forfeiture of rights, and a transfer would not serve the interests of justice.

## II.    ARGUMENT

### A.  The Holding, and Limits, of *United States v. Bormes*

Defendant portrays the Supreme Court's 2012 decision in *United States v. Bormes* as a game-changer, creating a new test for establishing when the Tucker Act is "displaced" by another statutory regime. Motion at 4-6. Yet, according to the Bormes opinion itself, the notion that the Court of Claims cannot be used to afford an alternative remedy (such as application of the Tucker Act) when another detailed statutory scheme already provides for relief against the federal government was neither new nor unique to *Bormes*; to the contrary, this concept dates back to 1869, shortly after the Court of Claims was created. *See United States v. Bormes*, 133 S. Ct. 12, 18 (stating that "[w]e have long recognized that an additional remedy in the Court of Claims is foreclosed when it contradicts the limits of a precise remedial scheme.") (citing, among other authorities, *Nichols v. United States*, 74 U.S. 122 (1869)).

The only novel issue addressed in *Bormes* was whether a plaintiff could import the waiver of sovereign immunity found in the Little Tucker Act, 28 U.S.C. § 1346, to pursue his Fair Credit Reporting Act ("FCRA") claims against the federal government where the district court had ruled that the FCRA itself did not contain the necessary explicit waiver of sovereign immunity.  The Supreme Court ruled that the plaintiff could not use the Little Tucker Act in this bootstrapping manner and held that the question of whether Congress intended to waive sovereign immunity in the FCRA had to be answered with respect to the FCRA alone.  133 S. Ct. at 17 ("Where, as in FCRA, a statute contains its own self-executing remedial scheme, we look only to that statute to determine whether Congress intended to subject the United States to damages liability.").

The Supreme Court ultimately remanded the dispute in *Bormes* to the Court of Appeals for the Seventh Circuit, charging that court to answer in the first instance the question of whether the FCRA contained an explicit waiver of sovereign immunity.  In its motion in the instant case, the government draws many comparisons between the FCRA's statutory scheme and the Fair Labor Standards Act ("FLSA"), under which Plaintiffs' claims were brought.  Motion at 6.  Yet the two statutes differ in one important respect that the government fails to mention: the question of whether the FLSA explicitly waives sovereign immunity was decided in the affirmative nearly 40 years ago.  *See El-Sheikh v. United States*, 177 F.3d 1321, 1323 (Fed. Cir. 1999) (explaining that in the 1974 amendments to the FLSA, Congress expanded the definition of "employee" under the Act to include "any individual employed by the government of the United States . . . in any executive agency") (quoting 29 U.S.C. § 203(e)(2)(A)(ii)).  Read together with this expanded definition of "employee," the private right of action found in 29 U.S.C. § 216(b), which permits an affected employee to bring a claim against any employer for unpaid wages and

liquidated damages in any federal or state court of competent jurisdiction,, provides the required explicit waiver of sovereign immunity by authorizing federal employees to sue their "employer," the United States.  *El-Sheikh*, 177 F.3d at 1323-24.  Thus, the question of sovereign immunity which was central to *Bormes* is already a settled matter where the FLSA is concerned.

Underscoring *Bormes*' lack of relevance in the FLSA context, Plaintiffs' counsel did not find a single federal case citing the Bormes opinion that mentions either the Fair Labor Standards Act or its common acronym, the FLSA.  Indeed, if *Bormes* were truly the paradigm-shifting case for purposes of the Tucker Act and Court of Federal Claims jurisdiction that the government makes it out to be, Plaintiffs would expect it to have been mentioned in more than five Court of Federal Claims opinions in the nearly nine months since it was decided.  Yet only five such opinions, and only  21 citing decisions in all, appear when *Bormes* is entered into the Shepard's® database on www.lexis.com.

Moreover, in the very few decisions that relied on *Bormes* to find that the Court of Federal Claims lacked subject matter jurisdiction, the text of the statutes that entitled the plaintiffs to recover money from the United States in those cases contained language on jurisdiction that specifically referred to district courts and excluded the Court of Federal Claims. *See, e.g.*, *Foster v. United* States, No. 12-723C, 2013 U.S. Claims LEXIS 791 (Ct. Fed. Cl. July 3, 2013) (holding that the Court of Federal Claims lacked subject matter jurisdiction over an Army National Guard major's claims under the  Servicemembers' Group Life Insurance Traumatic Injury Protection Program when the applicable statute, the Traumatic Injury Act, 38 U.S.C. § 1975, provides that "[t]he district courts of the United States shall have original jurisdiction of any civil action or claim against the United States founded upon this subchapter") (alterations in original); *Perry v. United* States, No. 12-525C, 2013 U.S. Claims LEXIS 593 (Ct.

Fed. Cl. June 4, 2013) (citing *Bormes* for the proposition that  the Court of federal Claims lacked

jurisdiction over the plaintiff's Privacy Act claim under 5 U.S.C. § 552a(g)(1) because that

statute provided that "the district courts of the United States shall have jurisdiction in the matters

under the provisions of this subsection.").  These cases were thus entirely consistent with

*Bormes*' enunciation of the "long recognized" rule that "an additional remedy in the Court of

Claims is foreclosed when it contradicts limits of a precise remedial scheme." *Bormes*, 133 S. Ct.

at 18.

> **B.  The Court of Federal Claims, Through the Tucker Act, is Vested with Exclusive
> Jurisdiction of All FLSA Claims Against the Federal Government that Exceed
> $10,000.**

Far from "contradict[ing]" the limits of the FLSA's remedial scheme and thus being

foreclosed under *Bormes*, the Court of Federal Claims has long been identified as a "court of

competent jurisdiction" within the meaning of that statute's private right of action, 29 U.S.C. §

216(b), when the claim at issue is being brought against the United States.  In fact, as the

government acknowledges in its motion, FLSA suits against the United States are "primarily"

filed in the Court of Federal Claims "pursuant to the Tucker Act."  Motion at 7.  What the

government neglects to mention is that FLSA suits against the federal government are routinely

transferred to the Court of Federal Claims because the district courts lack jurisdiction over such

claims when they exceed $10,000 in value.  *See Saraco v. United States*, 61 F.3d 863, 865-66

(Fed. Cir. 1995) (opining that there is a distinction between "a law conferring a substantive right

to recover money from the United States, and a law endowing a court with jurisdiction of suits to

enforce that right," ruling that both of these distinct requirements must be satisfied, and

concluding that for FLSA suits against the federal government the FLSA provides the

substantive right of recovery and waiver of sovereign immunity but only the Tucker Act provides jurisdiction over suits to enforce that right).

The plaintiffs in *Saraco*, who wanted their claims to be heard by the district court for the Eastern District of Pennsylvania rather than the Court of Federal Claims, made the same argument that the government is making here: that the FLSA contains its own free-standing remedial scheme and that all district courts can adjudicate FLSA claims against governmental as well as private employers pursuant to those courts' federal question jurisdiction. *Saraco*, 61 F.3d at 865. Like the government here, the *Saraco* plaintiffs cited recent Supreme Court decisions as a reason that the long-standing grant of exclusive jurisdiction to the Court of Federal Claims over FLSA suits seeking more than $10,000 from the federal government should be revisited. *Id.* at 866. But the Federal Circuit was not persuaded:

> Divergence of judicial opinion concerning the jurisdiction of monetary claims against the government under various statutes is reflected in the many cases raising the threshold question of jurisdiction as between the district courts and the Court of Federal Claims. However, the Federal Circuit in *Zumerling v. Devine* held that jurisdiction of cases under the FLSA was provided only by the Tucker Act. *Zumerling* states the consistent law of the Federal Circuit. We have come upon no instances of circuit conflict in FLSA actions against the United States. *Zumerling* is in accord with [Federal Circuit precedents] *Testan* and *Mitchell*, supra, and is not inconsistent with [the Supreme Court cases cited by the plaintiffs-appellants,] *Bowen v. Massachusetts* or *American Red Cross*. It is binding precedent in this court. The district court correctly applied this precedent in transferring the case to the Court of Federal Claims.

*Id.*

The binding Federal Circuit precedents of *Saraco*, *Zumerling* and the earlier decisions they cite remain controlling. Nor does *Bormes*, an inapposite case involving sovereign immunity under the FCRA, provide any basis whatsoever for inverting the entire edifice of jurisdiction under the FLSA by depriving the only court that has had jurisdiction over such cases of that jurisdiction and conferring jurisdiction on federal district courts that have previously

lacked it.  As the Federal Circuit explained in *Zumerling* in a passage quoted in the government's

motion, "29 U.S.C. § 216(b) authorizes Fair Labor Standards Act suits 'in any Federal or state

court of competent jurisdiction,' but the words 'of competent jurisdiction' tell us that the words

do not stand alone but require one to look elsewhere to find out what court, if any, has

jurisdiction."  Motion at 7 (quoting *Zumerling v. Devine*, 769 F.2d 745, 749 (Fed. Cir. 1985)).

The very next sentence in *Zumerling*, which the government's brief does not quote, establishes

that the Court of Claims, this Court's predecessor, was "thus designated" as the court of

competent jurisdiction for FLSA suits brought against the government.  *Zumerling*, 769 F.2d at

749.  This has not changed.

## C.  Plaintiffs Could Only Bring their FLSA Claims in the District of New Mexico If They Reside There, Which Many Do Not, and If They Explicitly Waive Their Right of Recovery in Excess of $10,000, Which None of Them Do.

The Tucker Act, which the Federal Circuit has consistently invoked to grant jurisdiction

over FLSA suits against the United States on the Court of Federal Claims, provides that "[t]he

United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim

against the United States founded either upon the Constitution, or any Act of Congress . . . ."  28

U.S.C. § 1491(a)(1).  Meanwhile, the Little Tucker Act, codified at 28 U.S.C. § 1346, grants

concurrent jurisdiction on both the Court of Federal Claims and the federal district courts for

civil actions involving taxes or penalties alleged to have been wrongfully collected as well as for

"[a]ny y other civil action or claim against the United States, not exceeding $ 10,000 in amount,

founded either upon the Constitution, or any Act of Congress . . . ."  28 U.S.C. § 1346(a).  *See*

*also Bormes*, 133 S. Ct. at 16-17 n.2 (noting that the Tucker Act confers jurisdiction on the Court

of Federal Claims regardless of the amount in controversy while the Little Tucker Act grants

concurrent jurisdiction on the district courts and the Court of Claims within the $10,000 amount-in-controversy limit); *United States v. Hohri*, 483 U.S. 64, 67 n.1 (1987) ("Tucker Act claims for more than $10,000 can be brought only in the United States Claims Court. Claims for less than $10,000 generally can be brought either in a federal district court or in the United States Claims Court.").

Thus, to bring an FLSA case against the government in any court other than the Court of Federal Claims, each plaintiff must clearly express his or her intent to waive any recovery in excess of $10,000, thus bringing their claims within the ambit of the Little Tucker Act. *Waters v. Rumsfeld*, 320 F.3d 265, 270-272 (D.C. Cir. 2003). Even courts in the Tenth Circuit, where the government would have this case transferred, themselves transfer FLSA cases to the Court of Federal Claims where the plaintiffs are seeking monetary damages from the United States and did not explicitly waive their right to recovery in excess of $10,000. *Moore v. Donley*, NO. CIV-12-1003-HE, 2013 U.S. Dist. LEXIS 106162 (W.D. Okla. July 30, 2013) (holding, in a post-*Bormes* decision, that the FLSA claims of Air Force Base employees must be transferred to the Court of Federal Claims because the complaint did not allege the amount of each plaintiff's claim and the plaintiffs did not waive recovery in excess of $10,000).

The complaint in this action likewise does not specify amounts of monetary damages for each of the named plaintiffs, but it does seek liquidated damages in addition to unpaid FLSA overtime pay, costs and attorneys' fees. Complaint ¶ 22. Plaintiffs' preliminary damages analysis indicates that all or virtually all of the plaintiffs have claims, including their claims for liquidated damages and attorneys' fees, that exceed $10,000. Moreover, Plaintiffs never waived their right to recovery in excess of $10,000, and, through counsel by way of this opposition brief, they explicitly state their intent not to waive those rights. Accordingly, no district court, in New

Mexico or elsewhere, has jurisdiction over their claims, and such jurisdiction rests exclusively with this Court.

Even if Plaintiffs were willing to waive their right to recovery in excess of $10,000 and bring their FLSA claims pursuant to the Little Tucker Act, only those living in New Mexico could file claims in the federal district court there.  *See*  28 U.S.C. § 1402(a) (providing that actions brought under 28 U.S.C. § 1346(a), unless brought on behalf of a corporation, "may be prosecuted only . . . in the judicial district where the plaintiff resides.").  All of the plaintiffs residing in other judicial districts would have to file separate actions in their respective districts, thus leading to multiple parallel actions involving the same facts and governmental pay practices, or, even more likely, meaning that many plaintiffs will not file suit at all due to an inability to find counsel to take their correspondingly smaller cases.  Such an outcome would be at odds both with the remedial intent of the FLSA and the efficiency and conservation of judicial resources sought to be achieved through the collective action process.

**D.  None of the Three Requirements for a Transfer Under 28 U.S.C. § 1631 Are Met.**

Transfers are authorized pursuant to 28 U.S.C. § 1631 when the court in which the action was originally filed "finds that there is a want of jurisdiction" and a transfer "is in the interest of justice."  When these two conditions are met, the case is transferred "to any other . . . court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  Here, of course, the threshold condition for a transfer under this statute is not met because there is no want of jurisdiction in the Court of Federal Claims.  To the contrary, this Court is the only one with original jurisdiction over Plaintiffs' claims.

However, if this Court is inclined to adopt the government's argument on the effect of *Bormes* on this Court's jurisdiction, and if that interpretation is upheld by the Court of Appeals for the Federal Circuit such that Saraco, El-Sheikh and the other precedents conferring jurisdiction on this Court over FLSA suits against the government are overturned, then another question would arise: what was the extent of the jurisdiction of the federal district court in New Mexico, or any other district court, "at the time [this] action was filed" in March of 2012?  Since the Supreme Court did not issue its decision in Bormes until November of that year, it appears that when this action was filed in March of 2012, the district court in New Mexico, or in any other judicial district, would only have had jurisdiction over the claims of those plaintiffs who resided in that district and which did not exceed $10,000.  In other words, the district courts' jurisdiction could have been limited by the scope of the Little Tucker Act.  Imposing such restrictions on the plaintiffs' recovery, not to mention splintering their collective action into multiple smaller suits or potentially depriving them of any forum at all for vindicating their claims, would decidedly not be "in the interest of justice."  As a result, none of the requirements of 28 U.S.C. § 1631 are satisfied, and this case should not be transferred.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's motion to transfer and retain jurisdiction over this case.

Dated: August 12, 2013                    Respectfully submitted,


                              By:     __/s/ Raymond C. Fay_____

                                      Raymond C. Fay (Counsel of Record)
                                      Heidi Burakiewicz
                                      Karla Gilbride
                                      Mehri & Skalet, PLLC
                                      1250 Connecticut Avenue NW, Suite 300
                                      Washington, D.C. 20036
                                      (202) 822-5100 (phone)
                                      (202) 822-4997 (fax)
                                      rfay@findjustice.com
                                      hburakiewicz@findjustice.com
                                      kgilbride@findjustice.com

                                      Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 12, 2013, I caused Plaintiffs' Opposition to Defendant's Motion to Transfer to be filed electronically in the Court's ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


Daniel B. Volk
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

   /s/ Raymond C. Fay

Raymond C. Fay (Counsel of Record)
Heidi Burakiewicz
Karla Gilbride
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, D.C. 20036
(202) 822-5100 (phone)
(202) 822-4997 (fax)
rfay@findjustice.com
hburakiewicz@findjustice.com
kgilbride@findjustice.com