IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHNATHAN DANIEL KING, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 12-175C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER**

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits this reply in support of our motion to transfer this case to the United States District Court for the District of New Mexico. In our motion to transfer, we explained why, under the Supreme Court's ruling in *United States v. Bormes*, 133 S. Ct. 12 (2012), the Court lacks jurisdiction to entertain plaintiffs' Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, complaint, and requested that the Court transfer this case to district court.

**ARGUMENT**

I.   **The Tucker Act Cannot Support "Competent Jurisdiction" Under The FLSA For The Same Reason That The Little Tucker Act Was Inapplicable In *Bormes***

In its August 1, 2013 order, the Court directed the parties to "address whether the *Bormes* holding would bar this court from exercising jurisdiction in this case, where the Federal Circuit has held that sovereign immunity has been waived under the FLSA, *see El-Sheikh v. United States*, 177 F.3d 1321, 1323 (Fed. Cir. 1999), and thus the Tucker Act is not needed, in contrast to *Bormes*, to establish a waiver of sovereign immunity, and instead appears to be relied upon to support "competent jurisdiction" under section 216(b) of the FLSA." Order, Aug. 1, 2013.

In *El Sheikh*, a divided panel of the Federal Circuit found that the Tucker Act, 28 U.S.C. § 1491, provided the Court of Federal Claims with jurisdiction to entertain a FLSA suit brought by an employee of a non-appropriated fund instrumentality. *El-Sheikh*, 177 F.3d at 1324. The court determined that the FLSA waives the United States' sovereign immunity from suits by its employees, and stated that "[s]ince the statute waives sovereign immunity, the Court of Federal Claims is a 'court of competent jurisdiction' under the Fair Labor Standards Act because the Tucker Act gives that court jurisdiction over claims 'against the United States' that are 'founded . . . upon' an 'Act of Congress.'" *Id.*

However, *Bormes* makes clear that this approach of mixing and matching a Tucker Act remedy with other statues containing their own remedial schemes is impermissible. The Supreme Court articulated the question before it in *Bormes* as follows: "The question, then, is whether a damages claim under [the Fair Credit Reporting Act (FCRA)] 'falls within the terms of the Tucker Act,' so that 'the United States has presumptively consented to suit.'" 133 S. Ct. at 17. The answer: "It does not." *Id.* While the consequences of the Supreme Court's holding in *Bormes* may not be the same in this case as in *Bormes*, the same rationale that led the Court to conclude that FCRA actions were not "within the terms of the Tucker Act," *id.*, also leads to the conclusion that FLSA actions are not within the terms of the Tucker Act either.

When a statute contains its own remedial scheme, the Tucker Act is unnecessary, and where the Tucker Act is not necessary, it cannot be applied to create an alternative remedy. Under 29 U.S.C. § 216(b), a private FLSA action "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). The FLSA does not mention the Court of Federal Claims, and no other statutory provision allows the Court to exercise concurrent jurisdiction with the district courts. While

plaintiffs suggest that this Court is a "court of competent jurisdiction," that can only be asserted by relying upon the Tucker Act, which the Court may not do.

"[T]he Tucker Act cannot be superimposed on an existing remedial scheme." *Bormes*, 133 S. Ct. at 20. In *Bormes*, the Supreme Court observed that "any attempt to append a Tucker Act remedy to the [FCRA's] existing remedial scheme interferes with its intended scope of liability." 133 S. Ct. at 20. The same is true of the FLSA. For example, the right to a jury trial, while well-established in FLSA actions under 29 U.S.C. § 216(b), *see Lorillard v. Pons*, 434 U.S. 575, 580 (1978), is unavailable in this Court.

As we explained in our initial brief, the Tucker Act establishes jurisdiction in this Court for certain actions not otherwise judicially enforceable. Def. Mot. to Transfer 4. The Tucker Act does not replace or provide an alternative to a judicial remedy established in another statute. When a law imposing monetary liability on the United States contains its own judicial remedies, the Tucker Act is inapplicable. *Bormes,* 133 S. Ct. at 18. The Supreme Court explained in *Bormes*:

> The Tucker Act is displaced, however, when a law assertedly imposing monetary liability on the United States contains its own judicial remedies. In that event, the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute. Because a precisely drawn, detailed statute pre-empts more general remedies, FCRA's self-executing remedial scheme supersedes the gap-filling role of the Tucker Act.

*Id.* (internal quotation marks and citations omitted);

Like the FCRA in *Bormes*, the FLSA leaves no need to resort to the Tucker Act. There is no gap for the Tucker Act to fill. Just as the Tucker Act waives sovereign immunity for causes of action within its reach, it conversely excludes from its jurisdictional reach those causes of action for which the Tucker Act does not supply a waiver of sovereign immunity. *See id.*

"Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Under the Tucker Act, the United States has consented to suit in the Court of Federal Claims not in all matters where a waiver of sovereign immunity somewhere exists, but rather only in those matters in which the Tucker Act grants jurisdiction and waives sovereign immunity.

The impermissibility of pairing Tucker Act jurisdiction with a separate waiver of sovereign immunity is confirmed by the Supreme Court's remand order requiring the Federal Circuit to transfer *Bormes* to the Seventh Circuit.  In *Bormes*, after the district court dismissed his complaint, Mr. Bormes appealed to the Federal Circuit pursuant to 28 U.S.C. § 1295(a)(2), which confers appellate jurisdiction on the Federal Circuit in any case in which district court jurisdiction was based, in whole or in part, upon the Little Tucker Act, 28 U.S.C. § 1346(a)(2). *Bormes*, 133 S. Ct. at 16.  The Government moved the Federal Circuit to transfer the appeal to the Seventh Circuit, "[a]rguing that the Little Tucker Act's jurisdictional grant did not apply to [the] suit."  *Id.*  The Federal Circuit denied the transfer motion.  *Id.*  The Supreme Court, however, found that the question of whether the FCRA waives sovereign immunity "is for the Seventh Circuit to consider once this case is transferred to it on remand."  *Id.* at 20.

The reason that the Supreme Court "remanded with instructions to transfer the case to the United States Court of Appeals for the Seventh Circuit for further proceedings consistent with this opinion," *id.*, is that the Federal Circuit did not have authority to conduct further proceedings consistent with the Supreme Court's opinion.  The Federal Circuit did not have jurisdiction under § 1295(a)(2) because the Little Tucker Act was inapplicable.  If Mr. Bormes could have elected to rely upon the Little Tucker Act for jurisdiction but the FCRA for an alleged waiver of

sovereign immunity, the case would not have needed to be transferred to the Seventh Circuit. Rather, the Federal Circuit could have itself decided—exercising its jurisdiction to review Little Tucker Act actions, which Mr. Bormes invoked—whether the FCRA waives sovereign immunity. But the Supreme Court did not allow that arrangement. Rather, in articulating why the case had to be transferred to the Seventh Circuit, the Court explained that "any attempt to append a Tucker Act *remedy* to the statute's existing remedial scheme," *Bormes*, 133 S. Ct. at 20 (emphasis added), was impermissible.

In this case, plaintiffs' attempt to append a Tucker Act remedy to the FLSA is likewise impermissible. *Bormes* cannot be reconciled with plaintiffs' position. The Court does not possess jurisdiction to entertain the complaint.

## II.      Plaintiffs Fail To Identify Any Meaningful Difference Between FLSA And FCRA

In their opposition brief, plaintiffs identify a single distinction between the FCRA and the FLSA. According to plaintiffs, the FLSA differs from FCRA "in one important respect that the government fails to mention: the question of whether the FLSA explicitly waives sovereign immunity was decided in the affirmative nearly 40 years ago." Pl. Opp'n 3 (citing *El Sheikh v. United States*, 177 F.3d 1321, 1323 (Fed. Cir. 1999)). But plaintiffs' discussion concerning this "distinction" misunderstands our argument. We are not arguing that the Government has not waived sovereign immunity for FLSA claims. Rather, we are pointing out that, under the principles articulated in *Bormes*, the Tucker Act cannot serve as a jurisdictional basis for FLSA actions.[1]

---

[1] Plaintiffs note that they have not been able to find many cases addressing *Bormes*, but they do not identify any authority permitting this Court to ignore the Supreme Court's decisions on that basis. To the contrary, "once the [Supreme] Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law." *Rivers v. Roadway Express, Inc.,* 511

5

### III.    Plaintiffs' Concerns Regarding Restrictions Imposed Upon Little Tucker Act Actions Are Misplaced Because The Little Tucker Act Is Inapplicable

According to plaintiffs, "to bring an FLSA case against the government in any court other than the Court of Federal Claims, each plaintiff must clearly express his or intent to waive any recovery in excess of $10,000, thus bringing their claims within the ambit of the Little Tucker Act." Pl. Opp'n 8.  Plaintiffs also worry that non-residents of the transferee district would be excluded from the suit because actions under the Little Tucker Act may only be prosecuted in the judicial district where the plaintiff resides. *Id.* at 9 (citing 28 U.S.C. § 1402(a)).

Plaintiffs' concerns regarding Little Tucker Act restrictions are unfounded because if the Tucker Act does not apply, neither can the Little Tucker Act. *Bormes* itself involved the Little Tucker Act, and the Supreme Court's resolution of that case makes clear that the Little Tucker Act has no application where the statute at issue contains its own remedial scheme, as the FLSA does.  If this Court lacks jurisdiction under the Tucker Act, plaintiffs would have to pursue this action relying exclusively upon the provisions of the FLSA, and not on either the Tucker Act or the Little Tucker Act.  Thus, any concern that, if jurisdiction cannot be established in this Court under the Tucker Act, district court actions would have to comply with the $10,000 limitation imposed by the Little Tucker Act is misplaced.

Similarly, 28 U.S.C. § 1402(a) applies only to Little Tucker Act suits under § 1346(a). Because that statute is inapplicable to FLSA actions, the requirement in § 1402(a)(1) that suit be brought in the judicial district where the plaintiff resides would also be inapplicable.

---

U.S. 298, 312 (1994); *see also Stone Container Corp. v. United States*, 229 F.3d 1345, 1350 (Fed. Cir. 2000).

### IV.     The Timing Of *Bormes* Is Irrelevant

In arguing that the requirements for transfer under 28 U.S.C. § 1631 are not met here, plaintiffs assert that because their complaint was filed before the Supreme Court issued its decision in *Bormes*, "the district courts' jurisdiction could have been limited by the scope of the Little Tucker Act." Pl. Opp'n 10. It appears that plaintiffs worry that the timing of *Bormes* vis-à-vis the filing of their complaint would "[i]mpos[e] [] restrictions on the plaintiffs' recovery." *Id.*

It is not clear to us why plaintiffs believe the timing of *Bormes* might restrict their potential recovery. We are not denying that the Government has waived sovereign immunity or that a legal remedy remains available. Indeed, we are not even seeking dismissal of their cause of action—only a transfer to a court with jurisdiction to entertain it. Any such transfer will be deemed filed in the district court on the day this action was filed. 28 U.S.C. § 1631.

Moreover, although jurisdiction must be judged as of the date the complaint was filed, *see Beghin-Say Int'l, Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 1572 (Fed. Cir. 1984), Supreme Court decisions do not create new law; rather, they declare what the law already is. *See Danforth v. Minnesota*, 552 U.S. 264, 286 (2008). Thus, the law as articulated in *Bormes* was also in effect, even if unrecognized, on the day plaintiffs filed their complaint. As explained above, the Little Tucker Act has no applicability in this case, regardless of when plaintiffs' complaint was filed.[2]

### CONCLUSION

For these reasons, we respectfully request the Court to determine that it does not possess

---

[2] In *Abbey v. United States*, No. 2013-5009 (Fed. Cir.), the unavailability of Tucker Act jurisdiction in FLSA cases has been raised, along with other issues, before the Court of Appeals for the Federal Circuit.

jurisdiction to entertain plaintiffs' complaint and to transfer it to the district court.

          Respectfully submitted,

          STUART F. DELERY
          Assistant Attorney General

          JEANNE E. DAVIDSON
          Director

          s/Steven J. Gillingham
          STEVEN J. GILLINGHAM
          Assistant Director

          s/Daniel B. Volk
          DANIEL B. VOLK
          Trial Attorney
          Commercial Litigation Branch
          U.S. Department of Justice
          P.O. Box 480
          Ben Franklin Station
          Washington, D.C. 20044
          Telephone: (202) 353-7955
          Facsimile: (202) 307-0972
          Daniel.B.Volk@usdoj.gov

August 16, 2013          Attorneys for Defendant