IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHNATHAN DANIEL KING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 12-175C |
| | ) | (Judge Nancy B. Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' STATUS REPORT

Pursuant to the Court's August 1, 2013 order, plaintiffs Johnathan Daniel King, *et al.*, respectfully submit this joint status report. The order directed the parties to discuss their "specific disagreements regarding liability and the calculation of damages."

### A. Damages Calculations.

Unfortunately, despite a year of settlement discussions, plaintiffs are unable to pinpoint disagreements between the parties on the calculation of damages, because defendant has not shared damages calculations with plaintiffs, except by way of examples that defendant now apparently eschews. During the settlement process, at defendant's request, plaintiffs provided numerous detailed individual damages calculations. Revisions were required because defendant initially provided faulty data, and later provided different interpretations of its own pay formulae.

Plaintiffs nonetheless have provided defendant their best estimate of individual FLSA back pay damages for the entire plaintiff group, pay period by pay period and in the aggregate. In essence, plaintiffs utilized defendant's own pay data and replicated the pay formula regarding FLSA overtime for the plaintiff group in effect since late January 2012, when defendant changed its pay practices to pay FLSA overtime. Plaintiffs are confident that these calculations are accurate to a reasonable degree of certainty.

In its status report, which defendant invited plaintiffs to read before submitting this report, defendant alludes (p.5) to an ancillary issue regarding FLSA payments that approximately two dozen plaintiffs were forced to pay back to the agency during the damages period in this case.  These payments are now sought as damages in this case.  They are relatively small—around three percent or less of overall back pay for the entire plaintiff group—and are readily ascertainable from the pay data provided by defendant.

For the first time on August 26, 2013, defendant made known its contention (status report, pp. 3-4) that the treatment of "excludable days" in the calculation of administratively uncontrollable overtime (AUO) may "drastically reduce, if not eliminate," plaintiffs' damages.  Plaintiffs have not had the time to fully investigate this new contention, but state that there is no basis for defendant to assert it in this lawsuit.  There is no such contention or defense related to it in the answer in this case.  In Paragraph 24 of the answer, defendant simply states that *if* plaintiffs' claims in this case extend to the recovery of AUO pay, then such amounts must be offset by the amount paid for AUO hours, and repeated that statement in the JPSR.  The complaint (Paragraphs 10-11) makes clear that no such claim is made in the case.

### B.  Liability

Plaintiffs do not believe that there are any credible disagreements as to liability.  They are all current or former Supervisory Border Patrol Agents who seek FLSA overtime pay for the time they worked as Instructors at a Border Patrol Academy and were not paid FLSA overtime pay.  The agency currently and since late January 2012 has classified such employees as nonexempt and has paid FLSA overtime.  Plaintiffs' duties are the same after January 2012 as they were before—they primarily provide instruction at the Academies.

In its answer, defendant has asserted no affirmative defenses and has not contended that the positions occupied by plaintiffs are exempt from the payment of FLSA overtime. In its status report (pp. 4-5), defendant vaguely states that it may seek to revisit the January 2012 reclassification of plaintiffs as FLSA nonexempt. Defendant's reference to a "plethora" of job titles is specious. In discovery so far, defendant has contended that only a handful of job titles are in issue, and plaintiffs have modified their damages estimates based on that new job title data.

        Respectfully submitted,

/s/ _____
Raymond C. Fay
Heidi Burakiewicz
Karla Gilbride
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, D.C. 20036
(202) 822-5100 (phone)
(202) 822-4997 (fax)
rfay@findjustice.com

August 27, 2013        Attorneys for Plaintiffs