# In the United States Court of Federal Claims

No. 12-175C
(Filed: August 30, 2013)

|  |  |
|---|---|
| JOHNATHAN DANIEL KING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); Motion to Transfer Denied; Court of Federal Claims may hear FLSA cases after Supreme Court's decision in <u>United States v. Bormes</u>, 133 S. Ct. 12 (2012) |

*Raymond C. Fay*, Washington, DC, for plaintiffs. *Heidi Burakiewicz* and *Karla Gilbride*, of counsel.

*Daniel B. Volk*, Civil Division, United States Department of Justice, Washington, DC, with whom were *Stuart F. Delery*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Steven J. Gillingham*, Assistant Director, for defendant. *Kurt Lauer*, United States Customs and Border Protection, of counsel.

**OPINION AND ORDER DENYING MOTION TO TRANSFER**

**FIRESTONE**, *Judge*.

In this collective action case, 228 Supervisory Border Patrol Agents, who served as instructors at Border Patrol Academies in Artesia, New Mexico, Harpers Ferry, West Virginia, or El Paso, Texas, allege that the United States Customs and Border Protection failed to pay overtime compensation due to them under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (2012), in the years preceding January 2012. On July 30, 2013, the government filed a motion to transfer this case to the United States District

Court for the District of New Mexico.  The government argues that this court lacks jurisdiction to hear the plaintiffs' FLSA claims because the FLSA contains a "detailed remedial scheme" that displaces the United States Court of Federal Claims'("COFC") Tucker Act[1] jurisdiction under the Supreme Court's recent decision in United States v. Bormes, 133 S. Ct. 12 (2012), and that, therefore, transfer to federal district court is appropriate under 28 U.S.C. § 1631 (2012).[2]  The plaintiffs oppose transfer, arguing that the Supreme Court's holding in Bormes did not introduce a new jurisdictional bar to their FLSA claims in this court.  The plaintiffs contend that the sovereign immunity of the United States has been waived in the FLSA and that the terms of the FLSA allow their

---

[1] The Tucker Act provides, in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.  For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. § 1491(a) (2012).

[2] The full text of 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

case to be heard in the COFC. The plaintiffs finally argue that even if the federal district court also had jurisdiction over their claims, transferring their claims would not be in the interest of justice, because not all of the plaintiffs reside in New Mexico and the plaintiffs would have to bring separate actions in several other district courts. After consideration of the parties' arguments and for the reasons discussed below, the government's transfer motion is **DENIED**.

**I.    DISCUSSION**

The government bases its motion to transfer on 28 U.S.C. § 1631. That statute provides that "whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." The Federal Circuit has held that the "propriety" of a transfer depends on the lack of subject matter jurisdiction in the transferring court and the existence of subject matter jurisdiction in the court to which a case is transferred. Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1303-04 (Fed. Cir. 2008). The transfer must also be "in the interest of justice." 28 U.S.C. § 1631. Because for the reasons that follow, the court concludes that the COFC maintains jurisdiction over the plaintiffs' FLSA claims, transfer of this case to federal district court is not warranted.

The government's motion to transfer centers on its contention that the COFC lacks jurisdiction to hear the plaintiffs' FLSA claims in light of the Supreme Court's recent holding in United States v. Bormes, 133 S. Ct. 12 (2012). In Bormes, the Supreme Court held that a plaintiff could not import the waiver of sovereign immunity found in the Little

Tucker Act, 28 U.S.C. § 1346,[3] to pursue a Fair Credit Reporting Act ("FCRA") claim against the federal government.  Bormes, 133 S. Ct. at 15.  The Supreme Court held that "[w]here, as in FCRA, a statute contains its own self-executing remedial scheme, we look only to that statute to determine whether Congress intended to subject the United States to damages liability."  Id. at 17.  In explaining the need to find the waiver of sovereign immunity within the four corners of a "detailed remedial scheme," the Court stated:

> Since FCRA is a detailed remedial scheme, only its own text can determine whether the damages liability Congress crafted extends to the Federal Government.  To hold otherwise—to permit plaintiffs to remedy the absence of a waiver of sovereign immunity in specific, detailed statutes by pleading general Tucker Act jurisdiction—would transform the sovereign-immunity landscape.

Id. at 19.  The Court then remanded the case to the Court of Appeals for the Seventh Circuit having concluded that, without a Little Tucker Act link, the Seventh Circuit was the proper forum to answer the question of whether FCRA contained an explicit waiver of sovereign immunity.  See id. at 19 n.5, 20; infra note 6.

In the government's view, the Bormes holding prevents the COFC from assuming jurisdiction to hear the plaintiffs' FLSA claims, because, like FCRA, the FLSA also contains a "detailed remedial scheme" that "supersedes the gap-filling role of the Tucker Act" and therefore displaces the COFC's Tucker Act jurisdiction.  Bormes, 133 S. Ct. at

---

[3] The Little Tucker Act creates jurisdiction in the district courts concurrent with this court for money damages claims of $10,000 or less against the federal government.  The Tucker Act assigns jurisdiction to the Court of Federal Claims regardless of the monetary amount.  28 U.S.C. § 1491(a); see also Bormes, 133 S. Ct. at 16 n.2.  The Little Tucker Act and the Tucker Act "do not themselves 'creat[e] substantive rights,'" but "are simply jurisdictional provisions that operate to waive sovereign immunity for claims premised on other sources of law."  Bormes, 133 S. Ct. at 16-17 (quoting United States v. Navajo Nation, 556 U.S. 287, 290 (2009)).

18.  The government reads <u>Bormes</u> to mandate that the COFC's jurisdiction under the Tucker Act is available only where the Tucker Act provides both the waiver of sovereign immunity and the jurisdictional grant in the COFC.  According to the government, a statute that provides its own waiver of sovereign immunity necessarily displaces the COFC from hearing claims against the federal government arising under that statute, regardless of the statutory text providing for an appropriate forum.

The plaintiffs challenge the government's reading of <u>Bormes</u>, arguing that <u>Bormes</u> did not eliminate the COFC's jurisdiction to hear cases arising under the FLSA.  Rather, the plaintiffs argue that <u>Bormes</u> establishes only that the Tucker Act cannot supply a waiver of sovereign immunity under a federal statute that contains a "detailed remedial scheme."  Whether the COFC is a forum with jurisdiction to hear a case where sovereign immunity has been waived, the plaintiffs continue, is a separate question that turns on whether the statute identifies a different forum or can be construed as eliminating the COFC as a proper forum for relief.  The plaintiffs argue that under the FLSA, which provides for judicial review in "<u>any</u> Federal or State court of competent jurisdiction," 29 U.S.C. § 216(b) (emphasis added), a government employee may sue in the COFC, which is plainly a federal court of "competent jurisdiction" to hear claims for monetary relief against the United States.  Indeed, the plaintiffs argue that because their individual FLSA claims exceed $10,000, the COFC has exclusive jurisdiction over their claims.

The court agrees with the plaintiffs that the government's reading of <u>Bormes</u> goes too far and improperly conflates the issue of sovereign immunity waiver with the issue of proper forum in every case involving a detailed remedial federal statute.  The specific

5

issue decided in Bormes was that the Tucker Act could not replace FCRA's "detailed remedial scheme" to provide, in the first instance, a waiver of sovereign immunity by the federal government. 133 S. Ct. at 15. The Bormes Court determined that because Congress had created a comprehensive remedial scheme under FCRA, only the terms of FCRA itself could provide a waiver of sovereign immunity by the United States. Id. at 19.

Contrary to the government's contention, however, the Supreme Court did not then hold that any statute containing a "detailed remedial scheme" necessarily eliminates the COFC from hearing cases under that scheme. Instead, under Bormes, the terms of a detailed remedial statute itself govern. While the court agrees with the government that, under Bormes, the Tucker Act may not be invoked to provide jurisdiction independently and instead of the terms of a detailed remedial statute, the Tucker Act can, consistent with Bormes, be invoked to provide jurisdiction if authorized by the terms of that statute. Therefore, as discussed below, where a statute with a comprehensive remedial scheme provides for its own waiver of sovereign immunity independent of the Tucker Act, that statute can still provide for jurisdiction in the COFC through application of the Tucker Act if Congress so intended under the terms of the statute.

In this case, the plaintiffs correctly argue that the FLSA contains an express waiver of sovereign immunity. In El-Sheikh v. United States, 177 F.3d 1321, 1323 (Fed. Cir. 1999), the Federal Circuit explained that the 1974 amendments to the FLSA expanded the definition of "employee" under the Act to include "any individual employed by the government of the United States . . . in any executive agency," 29

6

U.S.C. § 203(e)(2)(A), and that this provision, when read together with the private right of action found in 29 U.S.C. § 216(b), provides an explicit waiver of sovereign immunity authorizing federal employees to sue their employer, the United States. El-Sheikh, 177 F.3d at 1323-24. Thus, in contrast to FCRA, there is no question that sovereign immunity has been waived under the FLSA. The only relevant question before the court is whether the FLSA also allows for claims to be heard in the COFC.

To determine whether the COFC may hear FLSA cases, the court must examine "the purpose of the [statute], the entirety of its text, and the structure of review that it establishes." Horne v. Dep't of Agric., 133 S. Ct. 2053, 2062-63 (2013) (quoting United States v. Fausto, 484 U.S. 439, 444 (1988)). This principle is not novel. Since the late-nineteenth century, the Supreme Court has recognized that jurisdiction in the COFC (or its predecessors) is foreclosed where Congress has prescribed a different, specific avenue for review. See Bormes, 133 S. Ct. at 18 (citing Nichols v. United States, 74 U.S. (7 Wall.) 122, 131 (1869)). In making this determination, the court must examine whether a "detailed statute" has "precisely defined the appropriate forum." Hinck v. United States, 550 U.S. 501, 506-07 (2007). As the Supreme Court recently explained in Horne v. Department of Agriculture, if a statute "afford[s] . . . a ready avenue to bring [a claim,]" that statute will withdraw general Tucker Act jurisdiction in the COFC. 133 S. Ct. at 2063. In Horne, the Court found that the Agricultural Marketing Agreement Act of 1937 ("AMAA"), which vests "[t]he District Courts of the United States" with jurisdiction to hear claims under that Act, 7 U.S.C. § 608c(15)(B), withdraws AMAA cases from Tucker Act jurisdiction. Horne, 133 S. Ct. at 2063.

Having conducted that statutory inquiry in this case, the court finds that the FLSA authorizes suits by federal employees against the United States in the COFC because the FLSA provides for judicial review "in <u>any</u> Federal . . . court of competent jurisdiction." 29 U.S.C. § 216(b) (emphasis added). The FLSA's broad statutory provision does not vest any specific court with jurisdiction to hear FLSA cases. Rather, by using the phrase "any Federal or State court of competent jurisdiction," Congress intended to provide to FLSA plaintiffs the broadest access to federal and state courts.[4]

Thus, the terms of the FLSA itself do not limit jurisdiction to the federal district courts or bar this court's ability to hear FLSA claims against the federal government. Rather, the FLSA's broad forum provision provides for cases to be heard in any court. Because no specific court is identified, the FLSA, in contrast to other statutes, expressly leaves a "gap" that requires the courts "to find out what court, if any, has jurisdiction." <u>Zumerling v. Devine</u>, 769 F.2d 745, 749 (Fed. Cir. 1985). The COFC has long been recognized by the Federal Circuit and other circuit courts of appeals as the exclusive "federal court" with jurisdiction to hear FLSA claims by federal employees in excess of $10,000 under the provisions of the Tucker Act.[5] <u>Id.</u>; <u>Saraco v. United States</u>, 61 F.3d 863, 865-66 (Fed. Cir. 1995).

---

[4] In this regard, this case under the FLSA is distinguishable from <u>Foster v. United States</u>, where this court applied <u>Bormes</u> to hold that a statute providing for "original jurisdiction" in "[t]he district courts of the United States" displaces this court's Tucker Act jurisdiction. 111 Fed. Cl. 658, 662-63 (2013). As discussed, the FLSA does not specifically provide for jurisdiction in the district courts, and the court may look to the Tucker Act to determine if this court is a court of competent jurisdiction under the FLSA.

[5] This issue was also examined in some detail in <u>Brooks v. Weinberger</u>, 637 F. Supp. 22 (D.D.C. 1986), where the United States District Court for the District of Columbia, in finding it lacked

The Federal Circuit's decision in Saraco v. United States is particularly instructive. Like the government here, the plaintiffs in Saraco argued that the federal district court rather than the COFC was the proper forum for hearing their FLSA case based on the district courts' federal question jurisdiction. 61 F.3d at 865. The Federal Circuit in Saraco first held that "the issue in this case is not whether governmental immunity from suit has been waived, for it explicitly has been. The issue is only in which federal court the authorized suit may be brought." Id. at 865-66. In addressing the appropriate forum, the court affirmed its decision in Zumerling v. Devine, 769 F.2d at 749, which held that, as explained by the Saraco court, "the FLSA contained the requisite waiver of sovereign immunity [for suits against the federal government]; but [] only the Tucker Act provided jurisdiction of suits to enforce that right." Saraco, 61 F.3d at 685. Under Zumerling and Saraco, the Federal Circuit and other circuit courts of appeals have continued to hold that the COFC is a court of "competent jurisdiction" for suits by federal employees under the FLSA, consistent with the Tucker Act's jurisdictional grant. See El-Sheikh, 177 F.3d at 1323; Waters v. Rumsfeld, 320 F.3d 265, 272 (D.C. Cir. 2003); Parker v. King, 935 F.2d 1174, 1177-78 (11th Cir. 1991).

---

jurisdiction over a federal employee's FLSA claim, engaged in careful comparison of the jurisdictional provisions in the FLSA with the jurisdictional provisions in the Age Discrimination Employment Act ("ADEA"), which expressly provides for jurisdiction in "any Federal district court of competent jurisdiction." Id. at 24 (quoting the ADEA, 29 U.S.C. § 633a(c) (emphasis added)). The Brooks court concluded that the FLSA, which does not expressly mention federal district court jurisdiction, must be read to allow for jurisdiction in the COFC by virtue of the Tucker Act. 637 F. Supp. at 24.

The government's contention that these decisions are no longer valid after Bormes because any "detailed remedial scheme" necessarily displaces the Tucker Act for all purposes is simply not correct. Bormes does not do away with the two-part inquiry required in deciding proper jurisdiction in cases against the United States arising under precisely-drawn federal statutes.[6] Rather, both before and after Bormes, the courts must looked to the terms of a precise remedial statute to determine (1) whether sovereign immunity has been waived and (2) where the case may be heard. The Federal Circuit precedent affirming the COFC's jurisdiction to hear FLSA cases is consistent with this approach. As required by Bormes, the Federal Circuit has looked to the terms of the FLSA's "detailed remedial scheme," not the Tucker Act, to find that the government's sovereign immunity has been expressly waived under that statute. See, e.g., El-Sheikh, 177 F.3d at 1323-24. The Federal Circuit then examined the FLSA's "detailed remedial scheme" to determine that, because the FLSA does not specifically identify the federal district courts or any other specific forum, the FLSA authorizes suits in the COFC as provided by the terms of the Tucker Act. See, e.g., id. at 1324. In this regard, the use of the Tucker Act as a basis for this court's jurisdiction to hear FLSA claims is not an impermissible "mix[ing] and match[ing]" of the provisions of the FLSA and the Tucker

---

[6] In this connection, this court reads the remand from Bormes to the Court of Appeals for the Seventh Circuit as an implicit finding by the Supreme Court that the federal district courts have displaced the COFC under FCRA, in that federal district courts are expressly identified in FCRA and thus the Tucker Act is not needed to fill any "gap." This conclusion is based on the Supreme Court's reference to FCRA's forum provision, which the Court quotes as expressly providing for jurisdiction in the "district courts." See Bormes, 133 S. Ct. at 19 n.5 (noting that under FCRA "claims may be brought in district court 'without regard to the amount in controversy'" (citing 15 U.S.C. § 1681p)).

Act. Bormes, 133 S. Ct. at 19. Unlike in Bormes, the Tucker Act is not simply tacked onto the FLSA, regardless of the terms of the FLSA, to provide for jurisdiction in this court. Rather, the Tucker Act properly fills a "gap" created by the FLSA's own statutory text. See Bormes, 133 S. Ct. at 18. Because the court finds that nothing in Bormes mandates a rejection of this long-settled precedent, the court finds that it has jurisdiction over the plaintiffs' FLSA claims in this case.[7]

## II. CONCLUSION

Having concluded that it has jurisdiction over the subject case, transfer under the terms of 28 U.S.C. § 1631 is not proper. The government's motion to transfer the plaintiffs' complaint to the United States District Court for the District of New Mexico is therefore **DENIED**. Based on the discussion at the August 28, 2013 joint status conference held immediately after oral argument in this case, the court further **ORDERS** that the parties shall file a joint status report by **September 9, 2013** providing a schedule for discovery and briefing on summary judgment.

**IT IS SO ORDERED.**

s/Nancy B. Firestone  
NANCY B. FIRESTONE  
Judge

---

[7] Because the court has determined that it has jurisdiction, it is not necessary to reach the plaintiffs' arguments regarding the exclusive jurisdiction of the COFC over their claims in excess of $10,000, or their argument regarding whether a transfer would be in the interest of justice.