# In the United States Court of Federal Claims

No. 12-175C
(Filed: July 17, 2014)
UNREPORTED

|  |  |  |
|---|---|---|
| JOHNATHAN DANIEL KING, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **Motion to strike government's counterclaims, granted; motion to exclude expert testimony and report, denied** |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

**O R D E R**

Oral argument was heard in the above-captioned case on several motions pending

before the court, including: plaintiffs' motion to strike the government's counterclaims,

ECF No. 87; plaintiffs' motion to exclude in part the testimony and report of defendant's

expert Rodney J. Bosco, ECF No. 91; and the government's motion to amend/correct its

counterclaims, ECF No. 94.  As explained below, the court concludes that the

government was required to seek leave to assert its counterclaims.  Accordingly,

plaintiffs' motion to strike those counterclaims is **GRANTED**, and the government's

motion to amend/correct its counterclaims is **DENIED AS MOOT**.  The court also

concludes, however, that the appropriateness of the government's expert's methodology

for calculating Administratively Uncontrollable Overtime ("AUO") is a matter that will

need to be addressed on summary judgment.  Accordingly, plaintiffs' motion to strike

portions of the expert report of Rodney Bosco is **DENIED**, except to the extent that the

report contains any analysis that is solely relevant to the counterclaims that have been stricken.

**I.      Plaintiffs' motion to strike the government's counterclaims**

**a.  Background**

Plaintiffs filed their complaint on March 16, 2012.  ECF No. 1.  The government's answer, filed May 17, 2012, did not include any affirmative defenses or counterclaims. See ECF No. 9.  On April 9, 2014, this court granted—over the government's objection—plaintiffs' motion to amend the complaint so as to include (1) an alternative request for pre-judgment interest should plaintiffs not receive liquidated damages; and (2) overtime compensation for canine care.  See ECF No. 80.  On May 1, 2014, the government filed its answer to the amended complaint in which the government, for the first time, raised two counterclaims related to overpayments of AUO.  The parties agree that a judgment against the plaintiffs with regard to the government's counterclaims could exceed any recovery plaintiffs might have expected to recover for the government's alleged violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**b.  The government was required to seek leave to assert its counterclaims**

Plaintiffs' motion to strike raises an issue that has not been squarely addressed by the Federal Circuit: whether a defendant is entitled to file an answer to an amended complaint that adds counterclaims or alternative defenses that were not included in the defendant's original answer without first seeking leave of the court.  As reflected in recent district court opinions, at least four approaches have been used to address this issue.  As one court has explained:

> [T]hree approaches have been characterized as permissive, moderate, and
> narrow.  Courts applying the narrow approach hold that an amended answer
> must be confined specifically to the amendments to the complaint.  At the
> opposite end of the spectrum, those applying the permissive view hold that
> the defendant is allowed to plead anew to the amended complaint as though
> it were the original complaint.  In between these two views, those courts
> applying the moderate approach hold that the breadth of the changes in the
> amended response must reflect the breadth of the changes in the amended
> complaint.

Va Innovation Scis., Inc. v. Samsung Elecs. Co., No. 2:12CV548, 2014 WL 1308699, at

*5-9 (E.D. Va. Mar. 31, 2014) (adopting moderate approach) (internal quotations and

citations omitted).  A fourth approach advocates applying the Fed. R. Civ. P. Rule

15(a)(2) standard to new or amended counterclaims.  See Bern Unlimited, Inc. v. Burton

Corp., No. 11-12278-FDS, 2014 WL 2649006, at *4-6 (D. Mass. June 12, 2014).  Under

this approach, the counterclaim would be generally be permitted, except in instances of

bad faith, dilatory motive, undue prejudice, undue delay, or other similar reasons.  Id. at

*5.

Having reviewed these various approaches, the court adopts the moderate rule for

the reasons identified in Va Innovation Scis., Inc.  Under this approach, a party must seek

leave to file its counterclaims unless those counterclaims are proportionate to "the

breadth of the changes in the amended complaint."  Va Innovation Scis., Inc., 2014 WL

1308699, at *9 (quoting Elite Entm't, Inc. v. Khela Bros. Entm't, 227 F.R.D. 444, 446

(E.D. Va. 2005)).  Applying the moderate approach to the case at bar, the court concludes

that the government's counterclaims must be stricken because the counterclaims far

exceed the breadth of the changes in the amended complaint.  As noted, the amended

complaint added claims related to canine care and an alternative claim for pre-judgment

interest should plaintiffs not receive liquidated damages.  The parties agree that, if

successful on its counterclaims, the government's damages would both exceed any

damages related to canine care, liquidated damages, as well as any damages sought in

plaintiffs' original complaint.  Accordingly, the government was required to seek leave to

file its counterclaims, and plaintiffs' motion to strike is **GRANTED**.[1]

II.    **Plaintiffs' motion to exclude in part of the testimony and report of defendant's expert Rodney J. Bosco**

As noted, plaintiff has also moved to exclude in part the testimony and report of

defendant's expert, Rodney Bosco.  Plaintiff contends that (1) the expert report used an

improper methodology for calculating AUO, and (2) Mr. Bosco did not personally

conduct or oversee the calculations that are included in the report.  Plaintiff argues that

due to these purported failings, the expert report is inadmissible.  In response, the

government argues that plaintiffs' motion to exclude must be denied as a procedurally

improper attempt to argue the merits of Mr. Bosco's methodology outside of a summary

judgment context.

The court agrees with the government that the legal question of the proper

methodology for calculating plaintiffs' overtime pay, including the proper policy or

guidance to apply when calculating AUO, will be addressed on summary judgment.

Thus, plaintiffs' motion to exclude is premature.  Accordingly, plaintiffs' motion to

exclude the testimony and report of Mr. Bosco is **DENIED**.  The parties will proceed

with briefing their pending motions for summary judgment according to the following

schedule:

**July 21, 2014**              Plaintiffs' response and reply due.

---

[1] Because the counterclaims are stricken, the government's pending motion to correct/amend certain AUO calculations is **DENIED AS MOOT**.

**August 5, 2014**          Defendant's reply due.

The court intends to contact the parties after briefing is completed to set a date for oral

argument.

**IT IS SO ORDERED.**

                                                              s/Nancy B. Firestone
                                                              NANCY B. FIRESTONE
                                                              Judge