# In the United States Court of Federal Claims

No. 12-175C
(Filed: February 26, 2016)

|  |  |  |
|---|---|---|
| KING, et al., | ) | |
| Plaintiffs, | ) ) ) | Relief Under RCFC Rule 60(b) Denied; Fair Labor Standards Act; |
| v. | ) ) | Alleged Discovery Misconduct |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

*Raymond C. Fay*, Washington, DC, for plaintiff.

*Daniel B. Volk*, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, and *Robert E. Kirschman, Jr.*, Director, Commercial Litigation Branch, and *Steven J. Gillingham*, Assistant Director, for defendant. *Lindsay K. Solensky* and *Megan Z. Snyder*, United Stated Department of Homeland Security, United States Customs and Border Protection, Washington, DC, of counsel.

**OPINION DENYING PLAINTIFFS' MOTION
FOR RELIEF UNDER RCFC 60(b)**

**FIRESTONE**, *Senior Judge*.

On December 23, 2014, the court issued an opinion denying plaintiffs' motion for summary judgment in this case for back pay under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201-19, finding that the government was justified in not paying plaintiffs overtime under the FLSA because plaintiffs were teachers as defined by the FLSA's implementing regulations and thus exempted as "learned professionals." King, et al. v. United States, 119 Fed. Cl. 277 (2014) aff'd, No. 2015-5066, 2016 WL 80336 (Fed.

Cir. Jan. 7, 2016). Pending before the court is the plaintiffs' December 15, 2015 motion for relief from judgment under Rule 60(b) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 119. The plaintiffs are seeking relief from the court's judgment based primarily upon allegations that the government misled the court with respect to the documents that the parties and the court relied upon at the summary judgment stage. For the reasons stated below, the court finds that relief from the judgment is not warranted.

**I.  BACKGROUND**

The plaintiffs in this case are or were Course Developers/Instructors ("CDIs") for United States Customs and Border Protection ("CBP"). Plaintiffs gave instruction on subjects including administrative law; employment law; law relating to detention, arrest, search, and seizure; Spanish-language grammar and conversation; and various government programs relating to law enforcement and counter-terrorism to other CBP employees at several Border Patrol Academies. King, 119 Fed. Cl. at 288. In August of 2010, the plaintiffs' position was promoted from GS-12 to GS-13. Id. at 281. At the same time, plaintiffs' FLSA classification was changed from non-exempt to exempt. Id. at 282. In January of 2012, CBP reclassified plaintiffs' position from FLSA exempt to non-exempt, making them eligible to receive overtime under the FLSA.[1] Id. The parties agree that the

---

[1] The evidence on summary judgment indicated that CDIs were reclassified as FLSA non-exempt in 2012 because of a pay discrepancy between CDIs working in CBP Academies and other supervisory border patrol agents who worked in the field and were paid overtime under the FLSA. See King, 119 Fed. Cl. at 285.

plaintiffs' job responsibilities did not meaningfully change during the relevant time period.

At issue in the case was whether the government was justified in classifying plaintiffs as exempt under the FLSA between August of 2010 and January of 2012. The plaintiffs sued for back pay arguing that they should have been classified as FLSA non-exempt the entire time. Id. at 284. In its cross-motion for summary judgment, the government argued that plaintiffs, as teachers at CBP Academies, fell under the "learned professions" exemption to the FLSA's overtime rules. Id. at 285-86. Therefore, the government asserted that it was justified in not paying plaintiffs overtime under the FLSA prior to January 2012. Id. The government supported its motion with copies of official job descriptions and testimony to show that CDIs at CBP academies were primarily responsible for classroom instruction and related teaching activities, such as curriculum development. Id. at 286. The plaintiffs did not present any evidence that suggested that the job descriptions or other evidence the government presented painted an inaccurate picture of plaintiffs' employment responsibilities. See id. Instead, plaintiffs argued that because they had held the same position before and after the reclassification from exempt to non-exempt, the prior exempt classification must necessarily have been incorrect. Therefore, plaintiffs argued that they were entitled to back pay for the period during which they were classified as exempt. See id. at 284-85; 289-90.

After considering the parties' cross motions for summary judgment, the court held, contrary to plaintiffs' argument, that the CBP's reclassification decision was not dispositive and that the undisputed evidence, including applicable job descriptions,

demonstrated that plaintiffs were covered by the learned professions exemption in the FLSA regulations. See id. at 286-89. Consequently, the court granted judgment for the government. Id. at 290.[2]

Shortly before the court's decision was affirmed by the Federal Circuit, plaintiffs filed a motion for relief from that judgment under RCFC 60(b), arguing that the government misrepresented or withheld the relevant position descriptions. Plaintiffs argue that the the position description the court relied on, which was labeled a position description for a GS-13 first-line supervisor CDI, was actually a position descriptions for a GS-13 second-line supervisor CDI. Plaintiffs argue that the government knew that CBP did not have a GS-13 first-line supervisor position when the plaintiffs were first promoted from GS-12 to GS-13, and that CBP simply used a GS-13 second-line supervisor position description. Therefore, according to plaintiffs, the position description the parties relied on in their motions for summary judgment must have incorrectly stated the plaintiffs' employment duties during the relevant time period.

---

[2] During the time period for which plaintiffs sought to recover overtime under the FLSA, plaintiffs were being paid another form of overtime, Administratively Uncontrolled Overtime ("AUO"). Shortly before briefing on summary judgment, the government moved to amend its answer to add a counterclaim against plaintiffs, alleging that they had been overpaid AUO and arguing the amount of AUO overpayment in many cases exceeded the amount that would be owed to individual plaintiffs if they prevailed under their FLSA claims. See Def.'s Mot. to Amend Answer, ECF No. 94. The court denied the government's motion on the grounds that raising a counterclaim at that late stage of the litigation would unfairly prejudice the plaintiffs. See July 17, 2014 Order, ECF No. 103. However, the court reserved until summary judgment the question of whether plaintiffs' potential recovery under the FLSA should be offset by AUO or other overtime payments plaintiffs received during the claims period. Id. Because the court found that plaintiffs were not entitled to recovery under the FLSA, this portion of the government's argument was moot. See King, 119 Fed. Cl. at 278 n. 2.

Plaintiffs further argue that "[n]ewly discovered evidence, including vacancy announcements from 1997 to 2008, suggest that a comparable GS-12 [supervisory border patrol agent] position description would be materially different from the one relied on [by] the Court for its summary judgment decision." Pl.'s Mot. 1.  Therefore, plaintiffs argue, the court should have examined a GS-12 CDI job description because CBP changed the plaintiffs' FLSA classification from non-exempt to exempt when the agency promoted plaintiffs from GS-12 to GS-13, though plaintiffs' job duties remained the same.  The plaintiffs suggest that the court should reopen the case and allow them to conduct discovery regarding the GS-12 first line supervisor position to accurately determine the tasks performed by plaintiffs when they were promoted to GS-13s.  Plaintiffs conclude that because the government misrepresented the allegedly relevant job description, the court's judgment must be set aside even without a showing of prejudice.

The government responds that plaintiffs have not met the burden for setting aside a judgment under RCFC 60(b) and asserts that it did not misrepresent any of the evidence.  Further, the government notes that the relevant issue on summary judgment was whether the government could justify treating CDIs as FLSA exempt based on their employment responsibilities between 2010 and 2012, and argues that nothing in the plaintiffs' present motion challenges the court's holding on that issue.  The government argues that there is no evidence to show that the job descriptions the court relied on did not accurately identify the plaintiffs' job duties.   The government states that if plaintiffs believed their duties were not as represented by the GS-13 position descriptions, they could have made that argument on summary judgment.  Indeed, the government notes

that even though the plaintiffs are in the best position to explain their job duties, they did not present any challenge to the government's characterization of their position. Further, plaintiffs never sought GS-12 job descriptions in discovery. The government concludes that it is simply too late for plaintiffs to change their theory of the case.

For the reasons set forth below, the court finds that plaintiffs have not satisfied the requirements for relief from judgment under RCFC 60(b) and thus their motion is denied.

## II. DISCUSSION

The plaintiff seeks relief under RCFC 60(b)(2) and (b)(3), which provide, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party .
> . . .

RCFC 60(b). It is well-settled that relief from judgment pursuant to Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances. Madison Servs., Inc. v. United States, 94 Fed. Cl. 501, 506-507 (2010) (citing Webster v. United States, 93 Fed. Cl. 676, 678-79 (Fed. Cl. 2010); Yachts Am., Inc. v. United States, 8 Cl. Ct. 278, 281 (1985)). Under Rule 60(b)(2), the moving party must show "(1) that the evidence was actually 'newly discovered,' that is, it must have been discovered subsequent to trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result."

TDM Am., LLC v. United States, 100 Fed. Cl. 485, 490 (2011) (quoting Yachts Am., 8 Cl. Ct. at 281).  Under Rule 60(b)(3), a movant must demonstrate fraud, misrepresentation, or misconduct by "clear and convincing evidence."  Venture Indus. Corp. v. Autoliv ASP, Inc., 457 F.3d 1322, 1333 (Fed. Cir. 2006).  In addition, the movant must show that the fraud or misconduct prevented the movant from receiving a fair hearing or trial.  Hutchins v. Zoll Med. Corp., 492 F.3d 1377, 1386 (Fed. Cir. 2007).  In this case, the court finds that plaintiffs have failed to meet their burden under either RCFC 60(b)(2) or RCFC 60(b)(3).

First, with respect to their argument regarding the "newly-discovered" information regarding GS-12 position descriptions, plaintiffs do not show that this evidence would have changed the outcome of the case, and thus fail to satisfy RCFC 60(b)(2).  Plaintiffs' argument is premised on their assumption that because they were classified as FLSA non-exempt when they were GS-12 CDIs, they should have been classified as FLSA non-exempt when they were promoted to GS-13s in 2010 and performed the same tasks.  This argument follows the same logic that the court has already considered and rejected.  In their motion for summary judgment, plaintiffs argued that because their FLSA status changed from exempt to non-exempt in 2012 while their responsibilities remained the same, plaintiffs must have been misclassified as exempt before the change.  The court disagreed, finding that the relevant question was instead whether CBP was justified in treating them as FLSA exempt between 2010 and 2012.  The GS-12 job descriptions that applied to plaintiffs before their classification as FLSA exempt GS-13s in 2010 is not a

7

determinative answer to that question any more than the GS-13 job description that designated plaintiffs as FLSA non-exempt after January of 2012.

In their current motion, plaintiffs do not address whether they met the criteria for the learned professional FLSA exemption for the recovery period.  Even if the court found that the GS-12 job descriptions (which the government produced in its opposition to plaintiffs' motion to dismiss) were relevant, they do not materially differ from the GS-13 position description relied upon by the court.  Compare Def.'s Resp. to Pls.' Motion for Relief under Rule 60(b) App'x 17-28 with Pls.' MSJ Ex. Q.  The changes between the documents include slightly different percentages dedicated to particular activities and minor alteration or updates in wording.  There is nothing in the GS-12 position descriptions that would have altered the court's finding that the agency was justified as treating the plaintiffs as FLSA exempt teachers under the learned professional exemption.  Therefore, the court finds that the plaintiffs' purported new evidence would have had no effect on the outcome of the case.

Second, plaintiffs have failed to show any government misconduct with clear and convincing evidence and thus cannot satisfy RCFC 60(b)(3).  The plaintiffs argue that the government "concealed from disclosure the correct position description – the GS-12 position that was applicable to the plaintiffs at the time of the 'upgrades.'"  Pls.' Mot. 9.  But plaintiffs provide no evidence to suggest that the government withheld relevant information, especially given that the key question in the case centered on the plaintiffs' responsibilities during the time they were classified as exempt, not before or after.  Moreover, plaintiffs do not deny that they never requested the GS-12 position descriptions

during discovery. See Def.'s Response App'x 7 (discovery request in which plaintiffs asked for "All position descriptions . . . in the GS-1896-13 Occupational Code . . ." but did not request descriptions for the corresponding GS-12 position). Therefore, the court finds that plaintiffs have not shown any evidence, much less clear and convincing evidence, that the government committed any misconduct by not turning over the GS-12 position descriptions, and thus plaintiffs fail to satisfy the standard under RCFC 60(b)(3).[3]

As further evidence of the government's misconduct, the plaintiffs allege, based on the vacancy announcements from 1997 and 2008 attached to their motion, that the position description for GS-13 CDIs who were first-line supervisors was the same as the position description for second-line supervisors CDIs. Plaintiffs infer that the first-line supervisor position therefore could not have accurately described the plaintiffs' duties during the damages time period, because the government appears to have taken an older second-line supervisor description and applied it to plaintiffs. However, even if the job descriptions for the first-line and second-line GS-13 CDIs are the same, that does not mean that the tasks identified in the job descriptions relied upon by the parties at summary judgment did not correctly describe the plaintiffs' position.

In that connection, the plaintiffs have not presented any evidence that they were not performing the tasks identified in the job description for the GS-13 CDIs that the court and

---

[3] Plaintiffs rely on Schreiber Foods, Inc. v. Beatrice Cheese, Inc., et al., 402 F.3d 1198, 1206 (Fed. Cir. 2005) to argue that prejudice is presumed when there has been misconduct. However, the plaintiffs in Schreiber had demonstrated misconduct by clear and convincing evidence. In this case, plaintiffs fail to show misconduct and thus the court cannot assume that they have suffered any damage.

the parties relied upon at summary judgment.  The plaintiffs, as the government notes, were in best positon to know if the evidence the court relied upon was accurate.  However, plaintiffs have not presented any evidence through affidavit or otherwise to challenge the statements in the job descriptions or the court's finding that those activities qualified plaintiffs for the learned professional exemption.  Therefore, the court cannot agree with the plaintiffs that it was misled in relying on the GS-13 CDI position descriptions in its opinion on summary judgment.

Ultimately, the plaintiffs have not given the court any reason to reconsider its findings in its opinion on the parties' cross-motions for summary judgment.  The plaintiffs did not have to rely on the job descriptions provided by the government if they believed they were incorrect.  Nor were plaintiffs foreclosed from presenting evidence to challenge the government's characterization of plaintiffs' teaching and classroom-related responsibilities.  In such circumstances, plaintiffs cannot show that they were deprived a fair hearing.

### III. CONCULSION

For the above-stated reasons plaintiffs' motion for relief from judgment under RCFC 60(b) is **DENIED.**

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge